# UNITED STATES DISTRICT COURT

for the

Middle District of Pennsylvania

Civil Division

Case No. 4:19cv689
*(to be filled in by the Clerk's Office)*

Michael Nelson

Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Sgt. McBeth, CO1. McSherry

Defendant(s)
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

FILED
SCRANTON
APR 23 2019
PER [signature]
DEPUTY CLERK

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Michael Nelson

All other names by which you have been known:

ID Number: HD4512

Current Institution: SCI-Mahanoy

Address: 301 Morea Road

Frackville, PA 17932
(City, State, Zip Code)

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name: McBeth

Job or Title *(if known)*: Sergeant

Shield Number:

Employer:

Address: Pennsylvania Department of Corrections 2500 Lisburn Rd

Camp Hill, PA 17001
(City, State, Zip Code)

☐ Individual capacity ☑ Official capacity

Defendant No. 2

Name: Mcsherry

Job or Title *(if known)*: Correctional Officer 1

Shield Number:

Employer:

Address: 2500 Lisburn Road

Camp Hill, PA 17001
(City, State, Zip Code)

☐ Individual capacity ☑ Official capacity

Defendant No. 3

Name ______

Job or Title *(if known)* ______

Shield Number ______

Employer ______

Address ______

______ *City* ______ *State* ______ *Zip Code*

☐ Individual capacity ☐ Official capacity

Defendant No. 4

Name ______

Job or Title *(if known)* ______

Shield Number ______

Employer ______

Address ______

______ *City* ______ *State* ______ *Zip Code*

☐ Individual capacity ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

8th Amendment of the United States Constitution (excessive force)

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

They were Correctional officers who were on duty.

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☑ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)*

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

ON Monday December 17, 2018 at about 9:30AM Plaintiff Nelson enter P-Block A Side of the State Correctional Institution of Camp Hill. Defendant McBeth give Plaintiff a direct order to stand in fronte of his cell door. Defendant then said to Plaintiff didn't I tell you to withdraw your Civil appeal against Sgt. Best of SCI-Rockview. When told Defendant McBeth that I would not with my appeal a ~~[illegible]~~ launched a vicious Physical assault on plaintiff hitting him with closed fisk Causing blood to flow from his mouth and nose

C. What date and approximate time did the events giving rise to your claim(s) occur?

Monday December 17, 2018 at 0930 hrs.

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

That Defendant McBeth viciously assaulted this Plaintiff out of retaliation while exhibiting an excessive force on a non-combative Plaintiff as an act ~~of~~ to intimidate plaintiff into withdrawing his Pending civil appeal

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Blooding from the Mouth and nose blacken eye.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

3million dollars $ 3,000,000.00

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

- [x] Yes
- [ ] No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

SCI- Camp Hill

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

- [x] Yes
- [ ] No
- [ ] Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

- [x] Yes
- [ ] No
- [ ] Do not know

If yes, which claim(s)?

An Inmate Grievance

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

- [x] Yes
- [ ] No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

- [ ] Yes
- [ ] No

E. If you did file a grievance:

1. Where did you file the grievance?

   1. The grievance Coordinate of SCI-Camp Hill (Ms. Tonya L. Hiest)
   2. Appealed Superintendent (Ms. Herry) of SCI-Camp Hill

2. What did you claim in your grievance?

   Excessive force and Failure to protect

3. What was the result, if any?

   Grievance ~~dia~~ denied at all levels

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   appeal to ~~the~~ When to the Superintendent then the Department of Corrections Secretary of Inmate grievance and appeals.

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

**VIII. Previous Lawsuits**

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☑ Yes

☐ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

the Middle District of Pennsylvania

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) ______________________________

   Defendant(s) ______________________________

2. Court *(if federal court, name the district; if state court, name the county and State)*

   ______________________________

3. Docket or index number

   ______________________________

4. Name of Judge assigned to your case

   ______________________________

5. Approximate date of filing lawsuit

   ______________________________

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition. ______________________________

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   ______________________________

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) ____________________

   Defendant(s) ____________________

2. Court *(if federal court, name the district; if state court, name the county and State)*

   ____________________

3. Docket or index number

   ____________________

4. Name of Judge assigned to your case

   ____________________

5. Approximate date of filing lawsuit

   ____________________

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition ____________________

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   ____________________

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: ____________

Signature of Plaintiff ____________
Printed Name of Plaintiff ____________
Prison Identification # ____________
Prison Address ____________

____________ City ____________ State ____________ Zip Code

### B. For Attorneys

Date of signing: ____________

Signature of Attorney ____________
Printed Name of Attorney ____________
Bar Number ____________
Name of Law Firm ____________
Address ____________

____________ City ____________ State ____________ Zip Code

Telephone Number ____________
E-mail Address ____________

In The United States District Court
For The Middle District of Pennsylvania

Michael Nelson,
Plaintiff . Jury Trail Requested
v.
Correctional Sergeant McBeth and
Correctional Officer McSherry

I. Preliminary Statement

1. This is a civil rights action filed by Michael Nelson, a state prisoner Confined at the State Correctional Institution at Camp Hill for damages, Compensatory, punitive, injunctive and declatory relief under 42 U.S.C. § 1983 alleging excessive use of force in violation of the Eighth (8) Amendment to the United States Constitution. The Plaintiff also alleges the state Tort of destruction of property among others claims.

II. Jurisdiction

2. This is a civil action authorized by 42 U.S. § 1983 to redress the depravation under color of State law, of rights secured by the Constitution of the United States. This court has jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. § 1331 and 1343 (a)(3). Plaintiff Nelson also seeks Declatory relief to 42 U.S.C. 2201 and 2202.

3. This court has supplement Jurisdiction over the Plaintiff's state Law Tort claims pursuant to 28 U.S.C. § 1367

III. Venue

4. The Middle District of Pennsylvania is an appropriate venue pursuant to 28 U.S. § 1391, because it is where ~~these~~ the events giving rise to these claims occurred.

## IV. Parties

Plaintiff

5. Plaintiff, Michael Nelson is and was at all times mentioned herein a prisoner of Commonwealth of Pennsylvania and in the custody of the Pennsylvania Department of Corrections. He is currently confined in the State Correctional Institution at Camp Hill in Camp Hill, Pennsylvania.

Defendants

6. Defendant, McBeth is a Correctional Sergeant in the Pennsylvania Department of Corrections, who at all time mentioned in this complain held the rank of Correctional Sergeant and was assigned to the State Correctional Institution at Camp Hill in Camp Hill, Pennsylvania.

7. Defendant, McSherry is a Correctional Officer in the Pennsylvania Department of Correction, who at all times mentioned in this Complaint, held the of Correctional Officer and was assigned to the State Correctional Institution at Camp Hill in Camp Hill, Pennsylvania

8. Each Defendant is being sued in their individual Capacity. In lieu of $ 10,000,000.00 (Total)

## V. Facts of Complaint

9. On Monday December 17, 2018 at about 0930 Hrs. Plaintiff Nelson enter the Housing Unit from Education building at SCI-Camp Hill. Once Plaintiff made it his quarters which was F-Block A-Side Cell 55. Defendant McBeth gave Plaintiff Nelson a direct order to stand in front of his cell door. Defendant McBeth said to Plaintiff "didn't I tell to withdraw that Civil appeal you have in court)( He refering to civil appeal number 18-1770 in Court of Appeals for the 3rd Circuit). After Plaintiff told Defendant McBeth he was not withdrawing appeal, Defendant McBeth launched a vicious physical assault hitting Plaintiff with close fisk Causing blood to flow from

Mouth and nose. While stating "this is going to happen everyday until you with that damn lawsuit appeal." While all of this was going on Defendant McSherry was on the microphone in P-Block control yelling "Kill that Smart Ass Nigger."

Excessive use of force

Defendant McBeth ordered Plaintiff Nelson to stand with his arms at his side and Plaintiff complied he did not move or become combative As Plaintiff Nelson was standing there hit Plaintiff with a closed fisk in his face multiple times causing blood to flow from Plaintiff's nose and Mouth, Because assualt for no reason.

Retaliation

Plaintiff was engaged in a Constitutionly protect activity ~~being~~ that being Appeal number 18-1770 in United States Court of Appeals For The Third Circuit. Defendant McBeth told Plaintiff Nelson the assaults will continue to happen everyday until he withdraw his appeal This retaliation because Plaintiff Nelson was beaten because wouldn't withdraw his appeal that is befor courts.

Failure To Protect

Defendant McSherry fail to protect Plaintiff from the vicious physical assult that launched on him by Defendant McBeth. Defendant McSherry Stays in the Control room of P-Block yelled bigot comments over the microphone as Plaintiff was beaten by Defendant McBeth Constuting failure to protect.

MEMORADUM OF LAW

Hudson v. McMillian, 503 U.S. 1, 7 (1992)

Whitley v. Albers, 475 U.S. 312, 320-321 (1986)

Al-Jundi v. Mancusi, 113 F. Supp. 2d 441 (W.D.N.Y 2000)

United States v. Garcia, 340 F.3d 1013 (9th Cir. 2003)

Thomas v. Stalter, 20 F.3d 298 (7th Cir. 1994)

Exhibit "A"

D-CODE

Form DC-141 Part 1
Rev. 12/2017

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

D 165553

☒ MISCONDUCT REPORT ☐ OTHER ☐ DC-ADM 801 INFORMAL RESOLUTION

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| HD4512 | NELSON, MICHAEL | SCIC | 0930 HRS | 12/17/18 | 12/17/18 |

| Quarters | Place of Incident |
|---|---|
| P-BLK | P-BLK, A-SIDE |

**OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)**

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | MCSHERRY | | X | | | | |
| | | | | | | | |
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION**

A CLASS 1 #15 THREATENING AN EMPLOYEE B CLASS 1 #35 REFUSING TO OBEY AN ORDER. B CLASS 1 #43 PRESENCE IN AN UNAUTHORIZED AREA

**STAFF MEMBER'S VERSION**

ON THE ABOVE DATE AND TIME THIS SGT SAW INMATE NELSON ON THE B-SIDE OF P-BLK AND INMATE NELSON LIVE ON THE A-SIDE OF P-BLK IN A2-55. THIS SGT GAVE NELSON SEVERAL ORDERS TO GO BACK TO HIS CELL ON A-SIDE. HE WENT BACK TO A SIDE REFUSING TO LOCK IN HIS CELL AND WALK INTO A2-44 CELL. THIS SGT HAD TO GIVE HIM SEVERAL MORE ORDERS TO LOCK IN HIS CELL. BEFORE NELSON LOCKED IN HIS CELL HE STATED "YOU'R ALL A BUNCH OF WEIRDO'S AND I CAN FUCK YOU ALL UP; YOU CAN'T BEAT ME!" THEN HE STOOD IN FRONT OF HIS DOOR FLEXING BEFORE HE LOCKED IN.

**IMMEDIATE ACTION TAKEN AND REASON** Inmate placed AC status in E Block (RHU) until seen by Hearing Examiner LT D[illegible]

Refer to formal Hearing Charge 15

| PRE-HEARING CONFINEMENT | IF YES | |
|---|---|---|
| | TIME | DATE |
| ☒ YES ☐ NO | 1000 | 12/17/18 |

**FORMS GIVEN TO INMATE**

☒ REQUEST FOR WITNESSES AND REPRESENTATION ☒ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY: DATE | TIME 24 HOUR BASE |
|---|---|---|---|
| [signature] CO2 McBETH | [signature] | 12-17-2018 | 1230 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER: DATE | TIME | MISCONDUCT CATEGORY | Signature of Person Serving Notice |
|---|---|---|---|
| 12/18/18 | 1000 | ☒ CLASS 1 ☐ CLASS 2 | [signature] Parry C.O. |

**Notice to Inmate**

You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible. You may remain silent if you wish. Anything you say shall be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution. If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you. If you indicate that you wish to remain silent, you shall be asked no further questions. If you are found guilty of a Class 1 misconduct, any pre-release status you have shall be revoked.

WHITE - DC-15 YELLOW – Inmate PINK – Reporting Staff Member

2019

**Final Appeal Decision**
**Secretary's Office of Inmate Grievances & Appeals**
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

This serves to acknowledge receipt of your appeal to the Secretary's Office of Inmate Grievances and Appeals for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to the Facility Manager, the Facility Manager's response, the issues you raised to final review, and (when applicable) any revised institutional responses required as a result of a subsequent remand action by this office. As necessary, Input from appropriate Central Office Bureaus (e.g., Health Care Services, Chief Counsel, Office of Special Investigations and Intelligence, etc) may have been solicited in making a determination in response to your issue as well.

| **Inmate Name:** | Michael Nelson | **Inmate Number:** | HD4512 |
|---|---|---|---|
| **SCI Filed at:** | Camp Hill | **Current SCI:** | Mahanoy |
| **Grievance #:** | 776976 | | |
| ***Publication (If applicable):*** | | | |

**Decision:**
☒ **Uphold Response (UR)**
☐ **Uphold Inmate (UI)**
☐ **Uphold in part/Deny in part**

*It is the decision of the Secretary's Office of Inmate Grievances and Appeals to uphold the initial response, uphold the inmate, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

**Response:** *Frivolous*

In this grievance, you indicate that on 12/17/18 "Sgt. McBeth then with closed hand causing blood to run grievant face." You indicate that you attempted to run away; however, Sgt. McBeth ran after you continually hitting you. You Indicate that this was done out of retaliation for you not withdrawing a lawsuit. For relief, you ask that Sgt. McBeth take a leave without pay until the pending civil case against Sgt. Best is over and $25,000.00 for excessive force.

Review of the record finds that the responses provided to you appropriately address your concerns. The security department at SCI Camp Hill investigated the allegations you raised in this grievance and found no evidence to support the claims that you raised. Their investigation was forwarded to staff in the Bureau of Investigations and Intelligence who found their investigation to be satisfactory. Therefore, the allegations you raised in this grievance were found to be unsubstantiated. This office upholds the responses provided to you and your requested relief is denied.

| **Signature:** | Dorina Varner [signature] |
|---|---|
| **Title:** | Chief Grievance Officer |
| **Date:** | 4/1/19 |

DLV/klm

cc: DC-15/Superintendent CAM / MaH
Grievance Office

Mr. Michael Nelson HD4512
301 Morea Road
Frackville, PA 17932

RECEIVED
SCRANTON
APR 23 2019
PER ____ DEPUTY CLERK

OFFICE of the Cle
United States District
Middle District of Pen
William J. Nealon Federa
235 North Washin
P.O. Box 1148
Scranton, PA 18501